## J. I. EMERINE & WIFE *v.* W. H. ADAMS.

**Champerty and Maintenance.**

 The purchase of Adams was not champertous because Rachel Visage did not have actual possession of the two tracts of land at the time the conveyance was made.

**Adverse Possession—Elder and Junior Patentees—Statute of Limitation.**

 There is no better established rule than that the junior patentee can not claim possession as against the elder to any greater extent than he may actually hold and the statute of limitation does not begin to run until actual occupancy.

APPEAL FROM LIVINGSTON COURT OF COMMON PLEAS.

March 25, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY.

The appellants do not insist that the instructions given by the common pleas judge upon the trial of this cause were calculated to prejudice their substantial rights, but rely for a reversal of his judgment upon the fact that the finding of the jury was palpably against the weight of the testimony.

A careful consideration of the evidence satisfies us that the two tracts, the one of 60 and the other of 50 acres, do not lie wholly within the boundaries of the conveyance from Lunder to Adams, but that a portion of each of said tracts is embraced within such boundaries is proved beyond cavil.

The modified judgment of November 26, 1870, recognizes these facts, and removes any ground of complaint which appellants may have had, on account of the judgment as originally entered.

The purchase of Adams was not champertous, Rachel Visage did not have actual possession of the two tracts of land in controversy at the time the conveyance was made.

The fact that she lived upon and held possession of her home farm of 200 acres, adjoining the land in controversy, did not extend her possession over the entries made within the boundaries of the lands patented to the Bullit Co.

There is no better established rule than that the junior patentee can not claim possession as against the elder, to any greater extent than he may actually hold.

No actual entry was ever made by Emerine and wife or those under whom they claim, upon the lands covered by the junior patents until 1863, more than thirteen years after the conveyance from Lunder to Adams.

For the same reason the statute of limitation did not begin to run until the actual occupancy by Emerine and wife was begun.

From the facts proved it is a matter of serious doubt whether these appellants in good faith believed themselves to be the owners of the lands in contest or rather that they were not aware of the claim of Adams' heirs, for which reason even if the lost patent be not void, we would not be inclined to disturb the action of the judge of the common pleas court as to rents and improvements.

Feeling assured that appellants will be deprived of none of their rights by the enforcement of the judgment appealed from, we are constrained to affirm it.

*Greer, for appellants.*

*Bush & Bush, for appellees.*